**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10317 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00014-JCM-RJJ-2 |
| v. | |
| LUIS ANGEL GONZALEZ-LARGO, AKA Lucho, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Defendant-Appellant Luis Angel Gonzalez-Largo appeals his jury

conviction of one count of conspiracy to import five kilograms or more of cocaine,

in violation of 21 U.S.C. §§ 963, 952, 960(b)(1)(B). As the facts and procedural

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We affirm.

The district court did not abuse its discretion when it denied Gonzalez-Largo's motion to sever his trial from co-defendant Cobar. *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008). Gonzalez-Largo fails to show that trial objections and witness examinations by co-defendant Cobar's counsel manifestly prejudiced Gonzalez-Largo or prevented him from obtaining a fair trial. *See United States v. Johnson*, 297 F.3d 845, 855 (9th Cir. 2002). First, Gonzalez-Largo does not demonstrate prejudicial "spillover" from witness testimony or exhibits introduced at trial that related only to the charges against co-defendant Cobar. *See United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999). Second, the evidence presented against co-defendant Cobar was not so disproportionately irrelevant to the charges against Gonzalez-Largo that the jury—heeding the trial court's instructions to only consider evidence as related to Gonzalez-Largo—could not make a specific finding against him. *See United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998). Third, the co-defendants' defenses were not irreconcilable as the jury could assess Gonzalez-Largo's defense of "nonparticipation" in the conspiracy independently of co-defendant Cobar's

2

entrapment defense.  *See United States v. Buena-Lopez*, 987 F.2d 657, 661 (9th Cir. 1993).

We presume, without deciding, that the district court clearly erred in denying Gonzalez-Largo's challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), when it permitted the prosecution to strike the only African-American who would have served as an alternate juror.  However, because the alternate juror was never called upon to serve as a regular juror, any error was harmless.  *See Nevius, v. Sumner*, 852 F.2d 463, 468 (9th Cir. 1988).

The district court did not err in permitting the admission of Exhibit 22a into evidence.  The reference in Exhibit 22a was not unduly prejudicial under Federal Rule of Evidence 403 where Gonzalez was not explicitly linked to the mentioned paramilitary group, and the transcript was highly probative of Gonzalez-Largo's participation in the conspiracy.  Even if there was error in admitting the evidence, it was harmless because there was sufficient other evidence of Gonzalez-Largo's involvement in the attempted sale of cocaine to the undercover detective and he has not demonstrated that this one reference to an unidentified "paramilitary commander" more probably than not affected his guilty verdict.  *See United States v. McInnis*, 976 F.2d 1226, 1231–32 (9th Cir. 1992).

3

The district court did not err when it only instructed the jury as to one conspiracy. The jury was only charged with determining whether Gonzalez-Largo engaged in a conspiracy with co-defendant Cobar, not whether Cobar was engaged in a conspiracy with the other two suppliers. *Cf. United States v. Fernandez*, 388 F.3d 1199, 1247 (9th Cir. 2004). Even if the instruction was erroneous, Gonzalez-Largo fails to show that his substantial rights were affected. *United States v. Alghazouli*, 517 F.3d 1179, 1188 (9th Cir. 2008).

The district court did not err in denying Gonzalez-Largo's motion for judgment of acquittal. *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). There was sufficient evidence of Gonzalez-Largo's intent to import cocaine into the United States to support his conviction. At trial, there was evidence that Gonzalez-Largo intended to sell cocaine to co-defendant Cobar's clients, whom Gonzalez-Largo knew were located in the United States. From this, a jury could reasonably infer that Gonzalez-Largo had the requisite intent to engage in a conspiracy to import cocaine to the United States.

The district court did not commit clear error at sentencing, as the jury made a threshold determination of the drug quantity. *Id.* at 1215. The jury made a threshold finding that Gonzalez-Largo was guilty of conspiracy to import "five kilograms or more" of cocaine, subjecting him to a statutory minimum term of

4

imprisonment "of not less than 10 years" and a maximum of "not more than life." 21 U.S.C. § 960(b)(1). The district court found, based on a preponderance of the evidence that Gonzalez-Largo was responsible for his part in the conspiracy for 400 kilograms and sentenced him to 235 months. *See Gonzalez*, 528 F.3d at 1214; *United States v. Kilby*, 443 F.3d 1135, 1142 (9th Cir. 2006). Hence, the district court did not apply a higher statutory maximum at sentencing than the jury's threshold finding. *See United States v. Banuelos*, 322 F.3d 700, 702 (9th Cir. 2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

**AFFIRMED.**